20-0250

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **Darryl F. Skrine, Jr.**, | ) | No. **20-18807** |
| | ) | |
| Debtor. | ) | Judge: Hon. Janet S. Baer |
| -------------------------------------------------- | ) | |
| **Balanced Bridge Funding, LLC**, | ) | |
| | ) | |
| Plainitff, | ) | |
| | ) | |
| vs. | ) | Adv. No. **20-00416** |
| | ) | |
| **Darryl F. Skrine, Jr.**, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER**

NOW COMES Darryl F. Skrine, Jr., ("Mr. Skrine"), by and through his attorney David E. Cohen, responding to the Emergency Motion for a temporary restraining order (the "TRO Motion") filed by Balanced Bridge Funding, LLC ("BBF") as follows:

**Facts**

1. On October 16, 2020, Mr. Skrine filed his petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. BBF was listed in the bankruptcy filing and timely notified of the bankruptcy filing. BBF participated in the bankruptcy meeting of creditors, along with numerous conversations/communications with the bankruptcy trustee and counsel for the debtor.

3. Unlike BBF's attempt to make Mr. Skrine as a person with a lavish lifestyle and gambling his money away, Mr. Skrine is a family man.

4.     Mr. Skrine has a family of four children aged 10 years old and younger that he provides for. Two of the children are infants. Two reside in households separate from Mr. Skrine. Mr. Skrine provides support for all of his children. Mr. Skrine's mother, who also resides separately from the debtor and has almost died twice due to kidney issues, is dependent on Mr. Skrine to pay for her medical insurance and to provide other financial support.

5.     As the bankruptcy schedules establish, Mr. Skrine has not spent large sums of money on toys, cars, homes, etc. He lives a modest lifestyle for being a professional football player.

**Standard**

6.     The standard for issuance of a temporary restraining order and a preliminary injunction are the same. *Chicago Teachers Union v. DeVos*, No. 20-cv-02958, --- F. Supp. 3d ----, ----, 2020 WL 3404749, at *3 (N.D. Ill. June 19, 2020).

7.     As set forth by our Seventh Circuit Court of Appeals:

> To obtain a preliminary injunction, a plaintiff "must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). If the plaintiff fails to meet any of these threshold requirements, the court "must deny the injunction." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). However, if the plaintiff passes that threshold, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood*, 896 F.3d at 816. This Circuit "employs a sliding scale approach" for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor. *Id.*"

*GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir.), *cert. denied sub nom. GEFT Outdoor L.L.C. v. City of Westfield*, 140 S. Ct. 268, 205 L. Ed. 2d 137 (2019)

8. BBF has failed to meet the standard for the imposition of a temporary restraining order on Mr. Skrine's post-bankruptcy wages

### No Basis Exists for an Emergency Hearing for a Temporary Restraining Order

9. FFB has failed to establish any basis as to why the motion for a temporary restraining order should be heard as an emergency motion.

10. Bankruptcy Local Rule 9013-2 A provides that a "motion may be treated as an emergency only if it arises from an occurrence that could not reasonably have been foreseen and requires immediate action to avoid serious and irreparable harm."

11. FFB has been aware of Mr. Skrine's bankruptcy since the initial filing. Yet FFB waited almost two months to file the emergency motion for a temporary restraining order.

11. FFB fails to state any change in circumstances from two months ago that makes this motion an emergency.

12. FFB does not identify any occurrence that could not reasonably have been foreseen because there are none. Nothing new has been discovered by FFB warranting the hearing of the motion for a temporary restraining order on an emergency basis.

### FFB's Has an Adequate Remedy at Law

13. FFB's motion should be denied because FFB has an adequate remedy at law.

14. FFB is only seeking money damages for monies due under a promissory note. FFB is not alleging any type of unique asset (real property, diamond wedding ring, etc.) that needs to be preserved to keep the status quo. Instead, BBF was suing Mr. Skrine just for money damages under a loan that BBF purchased from another lender.

15. Further, by FFB's own admission, it has an adequate remedy at law.

16. In footnote 4 to Paragraph 35 of BBF's emergency motion, BBF admits that it has filed a lawsuit against South River Capital and James Plack for tortious interference with contact (the Centennial Bank loan purchased by BBF). In its' prayer for relief in that lawsuit, BBF states that:

> "WHEREFORE, Plaintiff Balanced Bridge respectfully requests judgment in its
>
> favor and against Defendants for:
>
> a) compensatory damages in excess of $1,300,000;"

17. BBF can only collect once. If it collects the $1,300,000 in its' lawsuit against South River Capital and James Plack, Mr. Skrine owed nothing. More importantly, it established that BFF has an adequate remedy at law.

18. In FFB's motion to dismiss filed in the bankruptcy, FFB states that "the Clerk issued the Writ of Garnishment Before Judgment directed to the Bears on September 14, 2020." ¶47, FFB's Motion to Dismiss.

19. In Paragraph 49 of the motion to dismiss, FFB states that: "the Bears never responded to the Writ of Garnishment and they never garnished Skrine's wages …." ¶49, FFB's Motion to Dismiss. As such, FFB also has a cause of action for money damages for wages paid to Mr. Skrine in violation of the Writ if Garnishment.

20. Thus, FFB has multiple causes of action against multiple parties to recover the money damages it is seeking. FFB clearly has an adequate remedy at law. The emergency motion should be denied.

## BBF Has Failed to Establish That
## Without Relief it Will Suffer Irreparable Harm

21. BBF has failed to establish without a temporary restraining order it will suffer irreparable harm.

22. As noted above, BBF has multiple avenues to try and recoup the money owed under the loan, even if Mr. Skrine receives a bankruptcy discharge. There are future wages of Mr. Skrine if BBF is successful and obtains a judgment against Mr. Skrine[1]. There is the lawsuit BBF has filed against South River Capital and James Plack. Finally, these is the potential cause of action against the Chicago Bears (a deep pocket) if the garnishment on Mr. Skrine's wages was ignored.

23. Irreparable Harm has not been established.

## BBF has Not Established a Likelihood of Success on The Merits

24. No likelihood of success on the merits has been established by BBF.

25. In terms of dismissal, Mr. Skrine does not have a lavish lifestyle. He rents an apartment and supports his mother and his four children.

26. No fraud, false oath, hiding of assets or any other bad acts by Mr. Skrine have been alleged by BBF, the bankruptcy trustee or any other creditor.

27. If fact, even BBF acknowledges in Paragraph 2 of its' motion to dismiss that Mr. Skrine may well be a victim of South River Capital, the largest creditor in the bankruptcy.

28. Mr. Skrine is losing over $500,000 in assets that he owned on the date of the bankruptcy and voluntarily turned over the assets to the bankruptcy trustee.

---

[1] Mr. Skrine has thirteen affirmative defenses including fraudulent inducement against BBF in the Florida lawsuit filed by BBF.

5

29. All BBF argues it its motion to dismiss is that Mr. Skrine has suffered business losses in trying to establish a business for when his playing career is over.

30. None of the above establish any likelihood of success on its motion to dismiss or to convert the case to Chapter 11.

31. Even if any likelihood of success existed, the balancing of prejudice to Mr. Skrine of preventing him from establishing a new career with post-bankruptcy wages requires dismissal of the motion.

**Conclusion**

32. It is an extraordinary remedy to restrict the use of post-petition wages for a creditor that does not have a judgment. The purpose of this Court is not to act as a prejudgment attachment agent for BBF. BBF is also being disingenuous as it is arguing that Mr. Skrine's post-petition wages might end before it gets a judgment so an injunction is needed while at the same time arguing the bankruptcy case should be dismissed because of the money Mr. Skrine will earn playing for the Chicago Bears under his player's contract.

33. But BBF has failed to establish the elements necessary for any injunctive relief and in particular no adequate remedy at law. Nor has BBF established any basis for this motion to be heard as an emergency[2]

WHEREFORE, Darryl F. Skrine, Jr. respectively requests that this Court dismiss the pending emergency motion for a temporary restraining order and for such other and further relief that this Court shall deem just.

DARRYL F. SKRINE, JR.

---

[2] Because of the short time allotted to respond to this motion Mr. Skrine requests leave be granted time to file a more complete response.

By:   /s/David E. Cohen
          His Attorney

David E. Cohen
Fisher Cohen Waldman Shapiro, LLP
1247 Waukegan Road
Suite 100
Glenview, Illinois 60025
312/606-3451 – Tel
dcohen@fishercohen.com – E-mail
Attorney No. 6192149

20-0250

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| **Darryl F. Skrine, Jr.**, | ) | No. **20-18807** |
| | ) | |
| Debtor. | ) | Judge: Hon. Janet S. Baer |
| -------------------------------------------------- | ) | |
| **Balanced Bridge Funding, LLC**, | ) | |
| | ) | |
| Plainitff, | ) | |
| | ) | |
| vs. | ) | Adv. No. **20-00416** |
| | ) | |
| **Darryl F. Skrine, Jr.**, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO:   Ronald R. Peterson (RPeterson@jenner.com)
      Angela Allen (aallen@jenner.com)
      Adam G. Brief (adam.brief@usdoj.gov)
      Jeffrey Gansberg (Jeffrey.L.Gansberg@usdoj.gov)
      Gordon E. Gouveia (ggouveia@foxrothschild.com)
      Peter C. Buckley (pcbuckley@foxrothschild.com)

PLEASE TAKE NOTICE that on the 16th day of December, 2020, I caused to be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division **RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER**, a copy of which is attached hereto.

                                        DARRYL F. SKRINE, JR.

                                        By:   /s/David E. Cohen
David E. Cohen                                       His Attorney
Fisher Cohen Waldman Shapiro, LLP
1247 Waukegan Road, Suite 100
Glenview, Illinois 60025
312/606-3451 – Tel
Attorney No. 6192149

## CERTIFICATE OF SERVICE

      DAVID E. COHEN, duly sworn on oath, deposes and states that he caused a copy of the foregoing Notice and Response to be served on the above person(s) via either 1) the Court's Electronic Notice System and via e-mail or 2) if indicated, by U.S. First Class Mail, postage prepaid deposited on or before December 16, 2020

                                                /s/ David E. Cohen
                                                   David E. Cohen