UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>DARRYL F. SKRINE, JR.,<br><br><br>Debtor(s)<br>BALANCED BRIDGE FUNDING, LLC,<br><br>Plaintiff(s)<br>DARRYL F. SKRINE, JR.,<br><br>Defendant(s) | ) BK No.: 20-18807<br>)<br>)<br>) Chapter: 7<br>)<br>) Honorable Janet S. Baer<br>)<br>)<br>)<br>) Adv. No.: 20-00416<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TEMPORARY RESTRAINING ORDER**

This matter coming to be heard on the Emergency Motion of Balanced Bridge Funding, LLC ("Balanced Bridge") for Temporary Restraining Order and Preliminary Injunction (the "Motion"); the Debtor, the chapter 7 Trustee, and the Office of the United States Trustee having received notice of the Motion; the Court having conducted an emergency hearing on the Motion to consider entry of a temporary restraining order where counsel for Balanced Bridge, the Debtor's counsel, the chapter 7 Trustee and his counsel, and counsel for the United States Trustee were present, among others; the Court having considered the Motion and related Exhibits, including the Declaration of Balanced Bridge President Joseph Genovesi, and the arguments of counsel for all of the parties; and the Court being duly advised in the premises;

THE COURT FINDS AND ORDERS AS FOLLOWS:

1. This Order is being issued to prevent the dissipation of the Debtor's post-petition earnings and the proceeds thereof pending the Court's ruling on Balanced Bridge's motion to dismiss or convert the Debtor's bankruptcy case, and to prevent immediate and irreparable harm to Balanced Bridge and other creditors of the bankruptcy estate.

2. The Debtor is hereby prohibited from spending, transferring, or otherwise dissipating his post-petition earnings and the proceeds thereof with the exception of a reasonable allowance to cover the Debtor's basic living expenses and to provide for his dependents, as provided herein.

3. The Debtor is ordered to immediately turn over to, or give control to, the chapter 7 Trustee to be held in a segregated account pending further order of the Court, all cash and cash equivalents in the Debtor's possession, custody, or control, and all of the proceeds, product, offspring, or profits from his post-petition earnings (such as investments, futures contracts, or other assets purchased with Debtor's post-petition earnings), except for cash in the amount of $12,500 to provide for the Debtor's basic living expenses and his dependents during the remainder of the current payroll period. The Trustee shall manage any non-cash assets in his discretion.

      4.      The Debtor is ordered to turn over to the chapter 7 Trustee to be held in a segregated account pending further order of the Court, all of the Debtor's future earnings, except that the Debtor is permitted to retain $12,500 per week (the "Living Expense Allowance") to provide for the Debtor's basic living expenses and his dependents. The Debtor shall further direct his employer to remit his net pay over and above the Living Expense Allowance directly to the chapter 7 Trustee's segregated account.

      5.      The Debtor shall provide a complete and accurate accounting of his post-petition earnings and the proceeds thereof to the chapter 7 Trustee and Balanced Bridge as soon as possible on a rolling basis but no later than Friday, December 25, 2020, including copies of pay stubs, bank and account statements, and other documentation from which the sources and uses of the Debtor's post-petition earnings can be ascertained, and the Debtor shall continue to provide such reporting every seven days thereafter to the chapter 7 Trustee and Balanced Bridge pending the resolution of Balanced Bridge's motion to dismiss or convert the Debtor's bankruptcy case.

      6.      The Court finds that the circumstances of this case, including the absence of any harm to the Debtor from the relief provided herein, make it appropriate to excuse the security requirement of Rule 65(c), and such requirement is therefore waived for cause shown.

      7.      This Order will remain in effect until December 23, 2020, at which time the Court will consider extending this Order for good cause or the consent of the parties.

Enter: *[signature: Janet S. Baer]*

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: December 21, 2020

**Prepared by:**

Ronald R. Peterson (2188473)
Angela M. Allen (6295519)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH: 312-923-2981
FAX: 312-840-7381