UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>DARRYL F. SKRINE, JR.,<br><br>Debtor(s)<br>BALANCED BRIDGE FUNDING, LLC,<br><br>Plaintiff(s)<br>DARRYL F. SKRINE, JR.,<br><br>Defendant(s) | BK No.: 20-18807<br>Chapter: 7<br>Honorable Janet S. Baer<br>DuPage<br>Adv. No.: 20-00416 |

**ORDER FOR PRELIMINARY INJUNCTION**

This matter coming to be heard on the Emergency Motion of Balanced Bridge Funding, LLC ("Balanced Bridge") for Temporary Restraining Order and Preliminary Injunction (the "Motion"); the Debtor, the Chapter 7 Trustee, and the Office of the United States Trustee having received notice of the Motion; the Court having conducted an emergency hearing on the Motion to consider entry of a temporary restraining order where counsel for Balanced Bridge, the Debtor's counsel, the Chapter 7 Trustee and his counsel, and counsel for the United States Trustee were present, among others; the Court having issued a Temporary Restraining Order (Dkt. 15) on December 21, 2020 and having thereafter extended its Order to a preliminary injunction on the record; the Court having considered the Motion and related Exhibits, including the Declaration of Balanced Bridge President Joseph Genovesi, and the arguments of counsel for all of the parties; and the Court being duly advised in the premises;

THE COURT FINDS AND ORDERS AS FOLLOWS:

1. This Order is being issued to prevent the dissipation of the Debtor's postpetition earnings and the proceeds thereof pending the Court's ruling on Balanced Bridge's motion to dismiss or convert the Debtor's bankruptcy case, and to prevent immediate and irreparable harm to Balanced Bridge and other creditors of the bankruptcy estate.

2. The Debtor is hereby prohibited from spending, transferring or otherwise dissipating his postpetition earnings and the proceeds thereof with the exception of a reasonable allowance to cover the Debtor's basic living expenses and to provide for his dependents, as provided herein.

3. The Debtor is ordered to immediately turn over to, or, in the case of non-cash assets, give control and possession to, the Chapter 7 Trustee to be held in a segregated account pending further order of the Court, all cash and cash equivalents in the Debtor's possession, custody or control, and all of the proceeds, product, offspring or profits from his postpetition earnings (such as investments, futures contracts or other assets purchased with Debtor's post-petition earnings), except for cash in the amount of $12,500 to provide for the Debtor's basic living expenses and his dependents during the remainder of

the current payroll period. The Trustee shall manage any non-cash assets in his discretion.

4. The Debtor is ordered to turn over to the Chapter 7 Trustee to be held in a segregated account pending further order of the Court, all of the Debtor's future earnings, except that the Debtor is permitted to retain $12,500 per week (the "Living Expense Allowance") from December 16, 2020 going forward to provide for the Debtor's basic living expenses and his dependents. The Debtor shall remit to the Chapter 7 Trustee his net pay over and above the Living Expense Allowance.

5. The Chapter 7 Trustee is authorized to release $12,500 per week to the Debtor each week that the Debtor does not receive a paycheck or other form of compensation.

6. The Debtor shall cooperate with Charles River Associates ("CRA") or any other entity designated by the Chapter 7 Trustee to assist with the preparation of a complete and accurate accounting of the Debtor's post petition earnings and the proceeds thereof.

7. The court finds that the circumstances of this case, including the absence of any harm to the Debtor from the relief provided herein, make it appropriate to excuse the security requirement of Rule 65(c), and such requirement is therefore waived for cause shown.

8. This matter is set for status for modification or continuance of this order on January 20, 2021, 1:30 p.m. via Zoom meeting ID 160 731 2971 and password is 587656.

Enter:       /s/ Janet S. Baer

Honorable Janet S. Baer
United States Bankruptcy Judge

Dated: January 14, 2021

**Prepared by:**

David E. Cohen
Fisher Cohen Waldman Shapiro, LLP
1247 Waukegan Road
Suite 100
Glenview, Illinois 60025
312/606-3451 – Tel
dcohen@fishercohen.com – E-mail
Attorney No. 6192149